**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SANITA DENISE SIMONS,
          Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
DC-0752-15-1179-I-2

DATE: October 21, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sanita Denise Simons</u>, Stafford, Virginia, pro se.

<u>Glenn E. Cason, Jr.</u>, Esquire, Temple, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Effective November 16, 2014, the appellant was appointed to a GS-12 Human Resources Specialist position with the agency. *Simons v. Department of Agriculture*, MSPB Docket No. DC-0752-15-1179-I-2, Appeal File (I-2 AF), Tab 13 at 44. She resigned from that position effective September 20, 2015. I-2 AF, Tab 17 at 10-12. Thereafter, the appellant filed a timely appeal with the Board alleging that her resignation was involuntary. *Simons v. Department of Agriculture*, MSPB Docket No. DC-0752-15-1179-I-1, Initial Appeal File, Tab 1. After the administrative judge dismissed the appeal without prejudice to allow her to exhaust her equal employment opportunity complaint remedies, the appellant refiled her appeal. I-2 AF, Tab 1, Tab 2 at 8. During the adjudication of the refiled appeal, a question arose regarding whether the appellant was serving a 1-year probationary period at the time of her resignation. I-2 AF, Tab 15 at 1-3. The administrative judge informed the appellant of the jurisdictional elements and afforded the parties the opportunity to submit additional evidence and argument concerning the appellant's potential probationary status. *Id.* The appellant responded to the order, arguing that she was not serving in a probationary period and that she was an "employee" with appeal rights. I-2 AF, Tab 16 at 4-17.

¶3    Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal, finding that the appellant was serving in a probationary period at the time of her resignation and thus the Board lacked jurisdiction over her involuntary resignation claim.  I-2 AF, Tab 19, Initial Decision (ID) at 4.  The administrative judge held that none of the appellant's prior Federal service "tacked" on to her current service and that the appellant had not proven that, even though she was a probationer, she was nonetheless an "employee" with chapter 75 appeal rights because she could not demonstrate that prior to her resignation she completed 1-year of "current continuous service" under other than a temporary appointment limited to 1 year or less.  *Id.*

¶4    On review, the appellant reasserts that she was not serving in a probationary period at the time of her resignation and that she is an "employee" with Board appeal rights under 5 U.S.C. chapter 75.  *Simons v. Department of Agriculture*, MSPB Docket No. DC-0752-15-1179-I-2, Petition for Review (I-2 PFR) File, Tab 1 at 4, 17.  The agency did not respond to the petition for review.[2]

¶5    An appellant who has not served a full year under her appointment can show that she has completed her probationary period, and so is no longer a probationer, by "tacking" on prior service if:  (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days.  *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); 5 C.F.R. § 315.802(b).  Here, the record reflects that the appellant's prior service ended with her resignation from a position with the U.S. Marine Corps on December 14, 2013— more than 11 months before her November 14, 2014 appointment at issue in this

---

[2] In May 2018, the appellant filed a motion seeking a dismissal of this appeal without prejudice for a period of 6 months.  I-2 PFR File, Tab 3.  We need not rule on this motion as it is now moot.  *See Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 195 (1996) (outlining that mootness arises, inter alia, when the issue presented is no longer "live").

appeal. I-2 PFR File, Tab 1 at 24; I-2 AF, Tab 13 at 39, 44. Additionally, none of the prior service during the period from August 14, 2011, through December 14, 2013, that the appellant claims should be tacked to her probationary period was completed with the Department of Agriculture. I-2 AF, Tab 13 at 32-43. Because the appellant's prior service did not immediately precede her probationary appointment, was not with the same agency, and included a break in service of more than 30 days, her prior service does not count towards completing her probationary period. *See Hurston*, 113 M.S.P.R. 34, ¶ 9; 5 C.F.R. § 315.802(b).

¶6 Alternatively, an appellant can show that, while she may be a probationer, she satisfies the definition of an "employee" in 5 U.S.C. § 7511(a)(1)(A)(ii), which requires that she "completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." *Hurston*, 113 M.S.P.R. 34, ¶ 9. The appellant did not identify any other Federal service during the 11-month period between her appointments with the Department of Agriculture and the U.S. Marine Corps. Instead, she argues that her period of Federal service from August 14, 2011, through December 14, 2013, should qualify as "current continuous service" sufficient to meet the requirements under 5 C.F.R. § 752.402. I-2 PFR File, Tab 1 at 17. However, the Board has held that for competitive-service employees, "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday. *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); *see* 5 C.F.R. § 752.402. Because the appellant only served approximately 11 months at the Department of Agriculture and did not have any Federal service immediately preceding the alleged adverse action (her constructive discharge), she does not meet the "current continuous service" requirement necessary to satisfy the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii).

¶7     Finally, the appellant highlights a remark provided on one of the Standard Form 50s (SF-50) for her appointment to the Department of Agriculture position indicating that she had completed her probationary period.  I-2 PFR File, Tab 1 at 17; I-2 AF, Tab 13 at 44.  However, a remark in a subsequent SF-50 converting the appellant's term appointment to career-conditional status notes that the appointment is "subject to completion of one year initial probationary period beginning 11/16/2014."  I-2 AF, Tab 13 at 45 (emphasis removed).  A later corrected SF-50 again indicates that her probationary period was complete.  *Id.* at 46.[3]  Notwithstanding the conflicting SF-50s included in the record, under 5 C.F.R. § 315.801(a), a 1-year probationary period is contemplated for career-conditional appointments in the competitive service.  Additionally, the failure to inform an individual of her probationary status, without more, does not confer employee status on the individual.  *Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 17 n.6 (2014) (citing *Phillips v. Department of Housing & Urban Development*, 44 M.S.P.R. 48, 52 (1990)).  It is undisputed that at the time the appellant resigned from her position on September 20, 2015, she had not completed 1 year of service in her position with the Department of Agriculture.  I-2 AF, Tab 13 at 39, 44; Tab 17 at 10-12.  As such, the apparent inconsistencies on the SF-50s do not affect our analysis in this appeal, or change the fact that the appellant's position was subject to a 1-year probationary period, which she had not completed at the time of her resignation.  *Hurston*, 113 M.S.P.R. 34, ¶ 2 n.*.

---

[3] Yet another, later corrected SF-50 identifies the appointment as a "TERM APPT 11/16/14," suggesting that the appellant was employed in a term position and not a career-conditional appointment.  I-2 AF, Tab 13 at 48.  In the initial decision, the administrative judge identified the appellant's appointment as career conditional.  ID at 2.  However, we need not determine what kind of appointment the appellant was completing when she resigned, since we find that she did not complete a 1-year probationary period and was not otherwise an "employee" with Board appeal rights.

¶8     Accordingly, for the reasons discussed above, we deny the appellant's petition for review and affirm the initial decision dismissing her involuntary resignation appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.   If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____/s/ for_____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.